RECEIVED

MAR 13 2013

AT 8:30_____M
WILLIAM T. WALSH CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KARIM SAMPSON, :
:
        Plaintiff, :   Civil No. 12-7057 (MAS)
:
v. :
:
CHARLES ELLIS, et al., :   **MEMORANDUM AND ORDER**
:
        Defendants. :

    Plaintiff, currently confined at Mercer County Correction Center, in Trenton, New Jersey, seeks to bring a civil action *in forma pauperis*,[1] without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal *in forma pauperis*.

    Under the Act, a prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *Id.*

    Even if the prisoner is granted *in forma pauperis* status, the prisoner must pay the full amount of the $350 filing fee. 28 U.S.C. § 1915(b)(1). In each month that the amount in the

---

[1] Suits brought *in forma pauperis* are governed by 28 U.S.C. § 1915.

prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back.

If the prisoner has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In this case, Plaintiff failed to submit a complete *in forma pauperis* application as required by 28 U.S.C. § 1915(a)(1), (2). With his initial filing, Plaintiff did include an application to proceed *in forma pauperis*, including a six-month account statement. However, the account statement as submitted was not certified by the appropriate official of the facility at which he is incarcerated, as required by 28 U.S.C. § 1915(a)(2). The dates covered on that account statement are August 03, 2012 until October 25, 2012. (Docket entry 1-2.) Plaintiff is required to submit a statement detailing the entire six-month time period prior to filing of the Complaint. Petitioner signed his Complaint for filing on November 12, 2012, meaning that his account statement should reflect a time period of six months leading up to that date. Plaintiff

only provided a statement showing a little over three months prior to that time. Plaintiff has been incarcerated at Mercer County Correction Center since May of 2008. (See Complaint, docket entry 1 , ¶ 20.)

On March 4, 2013, Plaintiff submitted another *in forma pauperis* application. (Docket entry 3.) While the newly filed account statement is now signed by an official at the facility, Plaintiff has still not complied with the requirement that he must provide a full six-month account statement covering the time period immediately preceding filing of the Complaint. The updated account statement reflects a time period of August 21, 2012 until February 21, 2013. (Docket entry 3-1.)

This Court expresses no opinion, at this time, as to whether this action is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) or otherwise.

THEREFORE, it is on this 12th day of March, 2013;

ORDERED that Plaintiff's application to proceed *in forma pauperis* is hereby DENIED, without prejudice; and it is further

ORDERED that the Clerk of the Court shall administratively terminate this case, without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Houston v. Lack*, 487 U.S. 266 (1988)(prisoner mailbox rule); and it is further

ORDERED that the Clerk of the Court shall send Plaintiff a blank form application to proceed *in forma pauperis*; and it is further

ORDERED that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Clarkson S. Fisher U.S. Courthouse and Federal

Bldg., 402 East State Street, Trenton, New Jersey 08608, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, signed *in forma pauperis* application, including a **certified** six-month prison account statement, or (2) the $350 filing fee; and it is further

ORDERED that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete *in forma pauperis* application or filing fee within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE