UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KARIM SAMPSON,

        Plaintiff,

v.

CHARLES ELLIS, et al.,

        Defendants.

Civil No. 12-7057 (MAS)

**MEMORANDUM AND ORDER**

IT APPEARING THAT:

1. This matter was previously administratively terminated because Plaintiff failed to submit a complete *in forma pauperis* application as required by 28 U.S.C. § 1915(a)(1), (2). (Docket entry no. 4.) Plaintiff's application was deficient because the account statement did not provide account information to include the full six-month time period prior to filing of the Complaint.

2. Plaintiff submitted a renewed *in forma pauperis* application with an account statement attached. (Docket entry no. 5.) Plaintiff is required to submit a statement detailing the entire six-month time period prior to filing of the Complaint. *See* 28 U.S.C. § 1915(a)(2). Plaintiff signed his Complaint for filing on November 12, 2012, meaning that his account statement should reflect a time period of six months leading up to that date, which would be approximately May 2102 until October 2012. However, the dates covered on the account statement are September 28, 2012 until March 28, 2013. (Docket entry 5-2.) Plaintiff stated in his Complaint that he was incarcerated at Mercer County Correction Center since May of 2008. (See Complaint, docket entry 1 , ¶ 20.) Thus it appears that Plaintiff would be able to

provide account information for the full six-month time period prior to filing of the Complaint.

3. This application remains deficient since Plaintiff still has not submitted a certified account statement providing a full six months of account information for the time period immediately preceding the filing of the Complaint.

4. Accordingly, Plaintiff's renewed application to proceed *in forma pauperis* will be denied.

5. This Court expresses no opinion, at this time, as to whether this action is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) or otherwise.

THEREFORE, it is on this 23rd day of April, 2013;

ORDERED that the Clerk of the Court shall REOPEN the file in this matter; and it is further

ORDERED that Plaintiff's renewed application to proceed *in forma pauperis* is hereby DENIED, without prejudice; and it is further

ORDERED that the Clerk of the Court shall administratively terminate this case, without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Houston v. Lack*, 487 U.S. 266 (1988) (prisoner mailbox rule); and it is further

ORDERED that the Clerk of the Court shall send Plaintiff a blank form application to proceed *in forma pauperis*; and it is further

ORDERED that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Clarkson S. Fisher U.S. Courthouse and Federal Bldg., 402 East State Street, Trenton, New Jersey 08608, within 30 days of the date of entry of

this Order; Plaintiff's writing shall include either (1) a complete, signed *in forma pauperis* application, including a certified six-month prison account statement, or (2) the $350 filing fee; and it is further

ORDERED that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete *in forma pauperis* application or filing fee within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is further

ORDERED that the Clerk of the Court shall close the file in this matter.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE